JAMES TINSMAN AND HANNAH TINSMAN, PLAINTIFFS, v. ETHAN P. WESCOTT, DEFENDANT.

Decided November 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Harvey F. Carr.*

*Contra, Maurice A. Potter.*

PER CURIAM.

The plaintiffs base their right of recovery upon the averment contained in the complaint that they were induced to loan $10,000 to one Benjamin, a representative of the American Fuel Company, who was introduced to them by the defendant, a member of the bar of this state, and who had previously acted as plaintiffs' counsel in other matters, by reason of the defendant's representation to them that this fuel company was an operating company with coal mines in Webster county, West Virginia; that it was perfectly solvent; that it was a going concern; and that if he himself had any money to invest, he would gladly make this loan to the company; that this statement by the defendant was knowingly false; that at the time it was made this fuel company, to his knowledge, did not own any mines in Webster county, West Virginia, and that it was not solvent. The complainants further allege that the moneys loaned were never repaid, and they seek to recover the amount of their loss from the defendant. The latter answered the complaint denying the making of any such representations as were set out in the complaint. The case went to trial and resulted in a verdict in favor of the plaintiffs. The defendant thereupon applied to the trial court for the present rule and it was granted.

The first ground urged before us for setting aside the verdict is that it is contrary to the great preponderance of the evidence. The argument in support of this contention is that the verdict was necessarily based upon a finding that the plaintiffs were induced to make the loan to Benjamin by reason of the false representations made to them by the defendant with relation to the financial status of the American

Fuel Company; that the representations were made for the purpose of such an inducement; and that the defendant knew when he made them that they were false. Counsel argued that the evidence in the case did not warrant the jury in making any such finding. Our examination of the testimony sent up with the rule to show cause leads us to the conclusion that the jury were justified in so finding.

The next contention is that the verdict ought to be set aside because this suit was brought by the plaintiffs in the alternative, whereas the jury made a finding in their favor jointly. We think there is no merit in this ground for setting aside the verdict. While it is true that the several counts in the complaint aver a right of recovery in the alternative, yet the averments contained in each count show a joint cause of action, and the proofs submitted show that the loan was made with moneys jointly deposited by these two plaintiffs and drawn out of the bank where the deposit had been made for the purpose of consummating this loan. The mistake of counsel in averring a right of recovery in the alternative when the facts recited in the pleading and proved at the trial show a joint right of recovery, affords no ground for granting a new trial. The twenty-seventh section of our Revised Practice act of 1912 (*Pamph. L., p.* 382) declares that no new trial shall be granted for error as to matter of pleading unless after examination of the whole case it shall appear that the error injuriously affected the substantial rights of a party. The case as submitted to us is barren of any facts which will support the conclusion that the defendant sustained any injury to his rights by the rendition of a verdict in favor of the two plaintiffs jointly.

It is further argued that the verdict should be set aside because the trial judge in charging the jury stated as a settled fact that the defendant participated knowingly in the fraudulent scheme to obtain this loan from the plaintiffs. A reading of what was said by the judge upon this matter, however, shows clearly, we think, that he left to the jury the determination of this fact; namely, that the defendant participated knowingly in the scheme to defraud the plaintiff,

and that the court did not undertake to deprive the jury of its right to determine whether or not such fact had been proved.

It is next contended that the verdict should be set aside because the trial court, in refusing to charge a request submitted by the defendant, stated that there was evidence in the case contradictory of the facts contained in the request. Why this statement should be considered a ground for setting aside the verdict we are not able to understand even after the attempted explanation relating to this point by counsel for the defendant.

The only other ground for reversal is directed at an alleged error of the trial court in admitting testimony offered by the plaintiff over the objection of the defendant. It is enough to say in disposing of this matter that the testimony was competent and that consequently the refusal to exclude it was proper.

On the whole case we conclude that the rule to show cause should be discharged.